Wentworth T. DURANT, Jr. and Susan
B. Durant, Plaintiffs-Appellants,

v.

OLYMPIC SAVINGS AND LOAN ASSO-
CIATION, an Illinois Savings and Loan
Association, Defendant-Appellee.

No. 77–2046.

United States Court of Appeals,
Seventh Circuit.

Argued April 14, 1978.

Decided Aug. 8, 1978.

Robert W. Patterson, Michael M. Con-
way, Hopkins, Sutter, Mulroy, Davis &
Cromartie, Chicago, Ill., for plaintiffs-ap-
pellants.

Mark S. Lieberman, Chicago, Ill., for de-
fendant-appellee.

Before PELL, TONE and WOOD, Circuit
Judges.

TONE, Circuit Judge.

This case is a companion to *Durant v.
Surety Homes Corporation*, 582 F.2d 1081,
No. 77–2045, decided this date. We refer to
the opinion in that case for a statement of
the facts other than those pertaining to the
usury issue presented in this case.

The Durants borrowed the money they
needed to purchase the house described in
Judge Pell's opinion in the companion case
from the defendant, Olympic Savings and
Loan Association. They executed a note
payable to Olympic in the face amount of
$43,500, at a stated interest rate of 7.9
percent per annum, payable in equal month-
ly installments (principal and interest) of
$318.88 for 29 years. Olympic imposed a 2.5
point service charge amounting to $1,088.
At the closing, Olympic deducted the $1,088
from the amount paid out pursuant to the
loan.

At the time the loan was executed the
maximum legal rate of interest under Illi-
nois law was 8 percent per annum. Ill.Rev.
Stat. ch. 74, §§ 4 and 5 (1973). The issue
before us is whether the imposition of the
$1,088 service charge made the loan usuri-
ous. The District Court held that it did not,
and we agree.

The case is controlled by § 4.1–1 of the
Illinois Interest Act, Ill.Rev.Stat. ch. 74,
§ 4.1–1 (1973), which at the time of the
transaction in issue provided in pertinent
part as follows:

Where there is a charge in addition to
the stated rate of interest payable direct-
ly or indirectly by the borrower and im-
posed directly or indirectly by the lender
as a consideration for the loan, or for or
in connection with the loan of money,
whether paid or payable by the borrower,
the seller, or any other person on behalf
of the borrower to the lender or to a third
party, or for or in connection with the
loan of money, . . ., whether de-
nominated "points," "service charge,"
"discount," "commission," or otherwise,
and without regard to declining balances
of principal which would result from any

required or optional amortization of the principal of the loan, the rate of interest shall be calculated in the following manner:

The percentage of the principal amount of the loan represented by all of such charges shall first be computed. Said percentage shall then be divided by the number of years and fractions thereof of the period of a loan according to its stated maturity. The percentage thus obtained shall then be added to the percentage of the stated annual rate of interest.

Applying the statutory formula to the case at bar produces the following results:

(1) "The percentage of the principal amount of the loan represented by" the service charge is 2.5 percent. ($1,088 ÷ $43,500 = .025.)

(2) "Said percentage . . . divided by the number of years . . . of the period of the loan according to its stated maturity" is .0862 percent. (2.5 percent ÷ 29 = .0862 percent.)

(3) "The percentage thus obtained" which is .0862, when "added to the percentage of the stated annual rate of interest," which is 7.9 percent, amounts to 7.9862 percent.

The rate of interest arrived at by this calculation prescribed by the state is thus less than the permissible 8 percent rate.

Even if the net amount advanced by Olympic after deducting the service charge, $42,412, is considered to be "the principal amount of the loan," the formula produces a rate of interest lower than 8 percent. In that event the percentage produced by step (1) is 2.5631 rather than 2.5; dividing 2.5631 by 29 gives a result of .08845 instead of .0862; and 7.9 plus .08845 equals less than 8. The Durants avoid this result by simply ignoring the last sentence of the statutory formula and instead of adding .08845 to "the stated annual rate of interest," as the statute provides, they add it to what they assert is the "actual annual interest rate," which they arrive at by dividing the amount of interest due annually, $3,436.50 (7.9% × $43,500) by $42,412.

The Durants' position is that in reality they never received the $1,088, and therefore the amount loaned was $42,412, not $43,500; and the interest rate is therefore determined by dividing $1,088 by $42,412. Olympic counters by saying that the $1,088 has been applied to discharge their obligation to pay a service charge, an obligation which they agreed to assume and which they therefore had to discharge either with their own money or a portion of the borrowed funds. We need not resolve this dispute, because § 4.1–1 of the Illinois Interest Act does it for us. The Act, in effect, adopts Olympic's view of the transaction.

The Illinois General Assembly could define usury, or an unlawfully high rate of interest, as it chose. In § 4 of the Illinois Interest Act it fixed the permissible rate of interest. In the portion of § 4.1–1 set forth above, it stated how the rate of interest was to be calculated for purposes of § 4. The two sections together define the combined stated rate of interest and increment thereto resulting from spreading out the service charge over the term of the loan that were permissible in Illinois at the time of the transaction in issue. The charges exacted by Olympic did not exceed that combined rate.

The parties' briefs contain extended debate on the meaning of *Watt v. Cecil*, 368 Ill. 510, 15 N.E.2d 292 (1938), on which the Durants rely as support for their theory of how the rate of interest should be calculated, and other Illinois cases decided before the adoption of § 4.1–1 in 1969, 1969–1 Ill.Laws 294. Because the statute now tells us what the Illinois General Assembly means by rate of interest when a service charge is involved, an analysis of these cases in this opinion would serve no purpose. Since the loan is not usurious, it is also unnecessary for us to reach the issue of the constitutionality of § 800 of the Illinois Savings and Loan Act, Ill.Rev.Stat. ch. 32, § 701, *et seq.* (1973), which makes usury laws inapplicable to savings and loan associations.

Affirmed.